Matter of Rankin (2024 NY Slip Op 06415)

Matter of Rankin

2024 NY Slip Op 06415

Decided on December 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 19, 2024

PM-256-24
[*1]In the Matter of Robert Henry Rankin, a Resigned Attorney. (Attorney Registration No. 5508585.)

Calendar Date:December 2, 2024 

Before:Clark, J.P., Aarons, Pritzker, Lynch and Mackey, JJ.

Robert Henry Rankin, Houston, Texas, pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Robert Henry Rankin was admitted to practice by this Court in 2017. He was granted leave to resign from the New York bar by June 2021 order of this Court (195 AD3d 1145 [3d Dept 2021]). Rankin now moves for his reinstatement in New York and, by correspondence dated November 13, 2024, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that it does not oppose the motion.
"An attorney who has resigned from the bar for non-disciplinary reasons may apply for reinstatement by filing with the Court an affidavit in the form in Appendix F [to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240]" (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22 [b]; see Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b] [1]). Additionally, this Court's rules dictates that that "an applicant for reinstatement following a period of nondisciplinary resignation of more than two years must establish that, within two years preceding such application, the applicant has successfully completed a minimum of eight credit hours of continuing legal education" (hereinafter CLE) in certain subject categories (Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b] [2]). Specifically, the attorney must demonstrate that he or she has completed six credit hours of Skills and/or Law Practice Management, one credit hour of Ethics and Professionalism and either one credit hour of Diversity, Inclusion and Elimination of Bias or one credit hour of Cybersecurity, Privacy and Data Protection (see Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b] [2]).
"In addition to these procedural requirements, the applicant must also establish that he or she possesses both the legal education or experience, as well as the necessary character and fitness as would be required of an applicant for admission in the first instance" (Matter of Boden, ___ AD3d ___, 2024 NY Slip Op 05941, *1 [3d Dept 2024] [citations omitted]). We maintain wide discretion as to the disposition of an application for reinstatement following nondisciplinary resignation and, in addition to restoring the applicant to the roll of attorneys with or without conditions, we also possess the latitude to deny the application with leave to renew upon the completion of the Multistate Professional Responsibility Examination or the New York Bar Examination (see id.).
Here, Rankin has satisfied the procedural requirements to reinstatement as he properly submitted the applicable 17-paragraph form affidavit and additionally provided proof of his completion of the requisite CLEs within two years preceding the instant application. As to the merits of his application, Rankin attests that, since his nondisciplinary resignation in 2021, he has worked as an associate attorney for a private law firm in Houston, Texas. He notes that, although the firm is based in Texas, it occasionally handles matters in New York, and he wishes to be reinstated to practice in this State to "better serve the interests of [his[*2]] clients and contribute to [his] professional development." He further attests that he has been admitted to practice before the Supreme Court of the United States and in various federal district courts as well as in the states of Colorado and Texas, and he has provided certificates of good standing from the aforementioned jurisdictions. AGC has been heard in reply to Rankin's reinstatement application and, after finding no deficiencies therein, it does not oppose his application. Given Rankin's submissions and, noting that the record is devoid of any issues regarding his character and fitness, we grant Rankin's application.
Clark, J.P., Aarons, Pritzker, Lynch and Mackey, JJ., concur.
ORDERED that Robert Henry Rankin's application for reinstatement is granted; and it is further
ORDERED that Robert Henry Rankin's name is hereby restored to the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that Robert Henry Rankin shall, within 30 days of the date of this decision, file an attorney registration statement with the Chief Administrator of the Courts pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1.